

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
XXXWMXXWMXXXXXWMXXX
**ATTORNEY GENERAL**

Honorable Claud Isbell
Secretary of State
Capitol
Austin, Texas

Dear Mr. Isbell:

Opinion No. O-7050

Re: Date for election upon constitutional
amendment submitted in House Joint
Resolution No. 10, 49th Legislature.

We beg to acknowledge receipt of your request for an opinion upon the
above subject matter as follows:

"At the last regular session of the Legislature, there was
submitted House Joint Resolution Number Ten, a copy of which I am
enclosing for your consideration. You will observe that Section two
of this amendment provides: 'The foregoing Constitutional Amendment
shall be submitted to a vote of the qualified voters of this State
at an election to be held throughout the State in November, 1946, at
which all ballots have printed thereon:'.

"I would be pleased if you would answer the following:

"a. In view of the indefinite date in November as set out in
the above quotation, should we submit this amendment to be voted
upon at the general election to be held on November 5?

"b. Could this amendment be submitted to the voters at an election
to be held later than November 5?

"c. Should the amendment in its present form as written be
submitted at any election in November?

"In view of the fact that these amendments must be published ninety
days before the election and that time is drawing short, I would be
pleased if you would give this your immediate attention."

Section 1 of Article XVII of the Constitution, providing the method of
amending the Constitution, requires the proposed amendment to be "duly
published once a week for four weeks, commencing at least three months
before an election, the time of which shall be specified by the Legislature,
in one weekly newspaper of each county, in which such a newspaper may be
published."

Section 2 of House Joint Resolution No. 10 provides:

"The foregoing constitutional amendment shall be submitted to a vote of the qualified voters of this State at an election to be held throughout the State in November, 19⁴⁶, at which all ballots shall have printed thereon:" etcetera.

Your question presents a matter of statutory construction to determine whether or not Section 2 above quoted is a sufficient compliance with Section 1 of Article XVII, requiring that the time of such election "shall be specified by the Legislature".

The purpose of every interpretation of a statute is to ascertain the intention of the Legislature. This intention, of course, must be ascertained from the Act itself. The intention of the Legislature, as thus discovered from the Act, is the law.

Applying this universal test, we think it was plainly the intention of the Legislature that the resolution should be submitted at the regular election held throughout the State on November 5th. Specifically, the resolution declares that the amendment shall be submitted to the qualified voters of the State "at an election to be held throughout the State in November, 1946." The general statutory election of November 5, 1946, meets literally this requirement, and in truth is the only election under the circumstances the Legislature could have had in mind. The publication, therefore, should specify that date.

The only possible suggestion of doubt as to the foregoing conclusion could be that since House Joint Resolution No. 62 passed by the 49th Legislature, submitting an amendment to Article III of the Constitution by adding Section 49-b provides for submission at an election to be held throughout the State of Texas on the first Thursday in November, 1946, there is no specified time for voting upon the amendment. The answer to this suggestion is that HJR No. 62 had not been adopted at the time HJR No. 10 was finally passed.

Moreover, another familiar rule of statutory construction forbids any other conclusion than that above. Where a statute is fairly capable of two constructions, one of which would render it void, and the other would make it valid, the latter must be adopted, for the Legislature obviously intended that the Act should be valid.

The above rule of construction is not limited to statutes proper, but is applicable alike to constitutions, legislative resolutions, and all other written instruments.

APPROVED JULY 13, 1946                 Very truly yours
s/ CARLOS ASHLEY
FIRST ASSISTANT                        ATTORNEY GENERAL OF TEXAS
ATTORNEY GENERAL OF TEXAS
APPROVED OPINION COMMITTEE             s/ Ocie Speer
BY B. W. B. CHAIRMAN                   By Ocie Speer
OS-MR/ ldw                                 Assistant